**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**MIRANDA SIERRA,**

      **Petitioner,**

**vs.**                                                    **Case No. 4:12cv488-RH/CAS**

**WARDEN, FEDERAL CORRECTIONAL
INSTITUTION, Tallahassee,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DENY § 2241 PETITION

On August 13, 2012, Petitioner Miranda Sierra, proceeding pro se, filed a petition

for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Doc. 1.  Petitioner seeks

eligibility for early release from the Bureau of Prisons (BOP) and challenges the DSCC's

denial of early release, pursuant to 18 U.S.C. § 3621(e).  *See* Doc. 1 at 3.  On

December 28, 2012, Respondent filed a response, with attachments.  Doc. 5.

Respondent argues that BOP has the sole authority to determine Petitioner's eligibility

for early release.  *Id.* at 4-6.  On December 31, 2012, Petitioner filed a reply.  Doc. 6.

On January 9, 2013, Petitioner filed additional arguments in support of her reply.  Doc.

7.  Petitioner also filed a motion to expedite on August 7, 2013.  Doc. 10.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes that Petitioner's § 2241 petition should be denied.

## Background

On November 18, 2010, Petitioner was sentenced in the Western District of Louisiana for conspiracy to possess with intent to distribute methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1) and 846, and possession with intent to distribute methamphetamine, contrary to 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Doc. 5 at 2-3; Doc. 1 at 2. Petitioner was sentenced to 84 months in the BOP with ten years of supervised release. Doc. 5 at 3; Doc. 1 at 2. On December 6, 2010, Petitioner appealed her sentence, assigned case number 10-31198. *See* Doc. 1 at 2; *see also* United States v. Sierra, 2011 WL 5357217, No. 10-31198 (5th Cir. 2011) (Appellate Brief). On August 4, 2011, the U.S. Court of Appeals for the Fifth Circuit affirmed Petitioner's conviction and sentence. *See* Doc. 1 at 2; *see also* online docket for case number 10-31198 at www.ca5.uscourts.gov/. On May 22, 2012, Petitioner was transferred to the Federal Correctional Institution in Tallahassee, Florida, where Petitioner is currently incarcerated. *See* Doc. 1 at 1; Doc. 5 at 10.

Prior to being sentenced on her current charge, Petitioner was convicted on April 12, 1998, of second degree battery, contrary to section 14:34.1, Louisiana Revised Statutes. *See* Doc. 5 at 2. On November 16, 1998, Petitioner was sentenced to three years in custody. Doc. 1 at 11. On December 19, 2001, the Louisiana Department of

Public Safety and Corrections found that Petitioner had served her sentence and qualified, as a first time offender, to a pardon of the offense. *Id.* On January 9, 2012, while serving her federal sentence, Petitioner was interviewed and found eligible to participate in a Residential Drug Abuse Program (RDAP). Doc. 5 at 3 and 17; Doc. 1 at 3. Based on Petitioner's eligibility for RDAP, BOP requested a review by its Designation and Sentence Computation Center (DSCC), to determine whether Petitioner would be eligible for release from custody up to twelve months early pursuant to 18 U.S.C. § 3621(e). *See* Doc. 5 at 3 and 17. On February 28, 2012, the DSCC reviewed Petitioner's current and prior offenses and determined that she was not eligible for early release, based on her prior offense. Doc. 5 at 18-19; Doc. 5 at 3.

## <u>Analysis</u>

Pursuant to 28 C.F.R. § 550.55, the BOP may grant a prisoner early release from a federal prison sentence if the prisoner meets the following requirements:

(a) Eligibility. Inmates may be eligible for early release by a period not to exceed twelve months if they:

(1) Were sentenced to a term of imprisonment under either:

(i) 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense; or

(ii) D.C. Code § 24–403.01 for a nonviolent offense, meaning an offense other than those included within the definition of "crime of violence" in D.C. Code § 23–1331(4); and

(2) Successfully complete a RDAP, as described in § 550.53, during their current commitment.

(b) Inmates not eligible for early release. As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:

(1) Immigration and Customs Enforcement detainees;

(2) Pretrial inmates;

(3) Contractual boarders (for example, State or military inmates);

(4) Inmates who have a prior felony or misdemeanor conviction for:

> (i) Homicide (including deaths caused by recklessness, but not including deaths caused by negligence or justifiable homicide);
>
> (ii) Forcible rape;
>
> (iii) Robbery;
>
> (iv) Aggravated assault;
>
> (v) Arson;
>
> (vi) Kidnaping; or
>
> (vii) An offense that by its nature or conduct involves sexual abuse offenses committed upon minors;

(5) Inmates who have a current felony conviction for:

> (i) An offense that has as an element, the actual, attempted, or threatened use of physical force against the person or property of another;
>
> (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);
>
> (iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another; or
>
> (iv) An offense that, by its nature or conduct, involves sexual abuse offenses committed upon minors;

> (6) Inmates who have been convicted of an attempt, conspiracy, or other offense which involved an underlying offense listed in paragraph (b)(4) and/or (b)(5) of this section; or

> (7) Inmates who previously received an early release under 18 U.S.C. 3621(e).

(c) Early release time-frame.

> (1) Inmates so approved may receive early release up to twelve months prior to the expiration of the term of incarceration, except as provided in paragraphs (c)(2) and (3) of this section.

28 C.F.R. § 550.55(a)-(c)(1).

In this case, Petitioner argues in her § 2241 petition that BOP incorrectly considered her prior Louisiana offense of second degree battery in determining that she was not eligible for early release under 28 C.F.R. § 550.55. Doc. 1 at 3. Petitioner asserts that BOP improperly denied her early release based on a prior conviction for aggravated assault because her prior conviction was labeled as a second degree battery. *Id.* Petitioner further argues that her prior conviction was pardoned by the State of Louisiana and therefore should not be considered by BOP. *Id.*

Respondent argues that BOP has the sole authority to determine if Petitioner is entitled to early release and that DSCC properly denied Petitioner early release. Doc. 5 at 4-6. Respondent asserts that although Petitioner was pardoned for her second degree battery offense, DSCC appropriately considered the offense a prior conviction, based on BOP's alignment with the United States Sentencing Guidelines. *Id.* at 3-4. Respondent also argues that Petitioner's prior offense, though labeled as a second degree battery under Louisiana state law, is comparable to the definition of aggravated assault as set forth by the Federal Bureau of Investigation's (FBI) Uniform Crime Report (UCR), which is the definition that has been adopted by BOP. *Id.* at 5-6.

The charging statute of Petitioner's prior offense of second degree battery states:

> Second degree battery is a battery committed without the consent of the victim when the offender intentionally inflicts serious bodily injury.
>
> For purposes of this article, serious bodily injury means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death. . . .

La. Rev. Stat. Ann. § 14:34.1 (1998); Doc. 5 at 8. Respondent argues that DSCC properly denied Petitioner early release because the language of this statute is "nearly identical" to the definition of aggravated assault that is set forth in the UCR. Doc. 5 at 5-6. The UCR defines aggravated assault as

> an unlawful attack by one person upon another for the purpose of inflicting severe or aggravated bodily injury. The Program further specifies that this type of assault is usually accompanied by the use of a weapon or by other means likely to produce death or great bodily harm. Attempted aggravated assault that involves the display of–or threat to use–a gun, knife, or other weapon is included in this crime category because serious personal injury would likely result if the assault were completed. . . .

*Id.* at 26. The UCR page on aggravated assault, attached to Respondent's response, provides the above definition as well as an overview of nationwide data involving aggravated assaults. *Id.* at 26-27. It includes a subsection entitled "What you won't find on this page" that reads:

> Information on simple assaults. Assaults that do not involve the use of a firearm, knife or cutting instrument, or other dangerous weapon and in which the victim did not sustain serious or aggravated injuries are reported under Other Assaults–Simple, Not Aggravated. . . .

*Id.* at 27. According to the attachments submitted by Respondent, Petitioner's prior offense conduct indicates that she and her co-defendants "'severely beat an individual . . . . They cut his throat, placed him in a truck, and took him to a drainage ditch where he was dumped and left for dead'." *Id.* at 8.

Petitioner argues that her offense does not fall under the UCR definition for
aggravated assault because she had four co-defendants,[1] and aggravated assault is
defined as "an unlawful attack by *one* person upon another." (emphasis added). Doc. 7
at 3-5; *see* Doc. 5 at 26. This argument is unpersuasive. Tiffany Phillips, Assistant
General Counsel at DSCC, states in her declaration attached to Respondent's response
that, as a standard practice, DSCC does not look merely at the title of an inmate's prior
offense in determining eligibility for early release but also compares the elements of the
charging statute with the definitions of offenses listed in the UCR. *Id*. at 9. Respondent
compares the two statutes, arguing that both definitions include requirements that the
offense (1) be intentional, and (2) inflict serious, severe, or aggravated bodily injury. *Id*.
at 6. Based on this overlap, Respondent argues that BOP reasonably treated
Petitioner's past conviction as an aggravated assault under the UCR and properly
denied Petitioner early release. *Id*.

Respondent also argues that Petitioner's claims do not rise to the level of a
constitutional violation or a fundamental miscarriage of justice. Doc. 5 at 4.
Respondent's argument is well-taken. "A prisoner has 'no constitutional or inherent
right' in being released before the completion of a valid sentence. Cook v. Wiley, 208
F.3d 1314, 1322-23 (11th Cir. 2000), *quoting* Greenholtz v. Inmates of Neb. Penal &
Correctional Complex, 442 U.S. 1, 7 (1979). "More particularly, if the relevant statute
'places no substantive limitations on official discretion' in granting an early release from

---

[1] The Declaration of Tiffany Phillips, attached to Respondent's response,
suggests that Petitioner had three co-defendants instead of four. Doc. 5 at 8.

a valid sentence, no constitutionally protected liberty interest is implicated." <u>Cook</u>, 208

F.3d at 1322-23, *quoting* <u>Olim v. Wakinekona</u>, 461 U.S. 238, 249 (1983); <u>Conlogue v.</u>

<u>Shinbaum</u>, 949 F.2d 378, 380 (11th Cir.1991).  The language of § 3621 enables BOP to

use its discretion in granting early release to a prisoner.  *See* <u>Cook</u>, 208 F.3d at

1322-23 ("Here, § 3621(e)(2)(B) provides only that the BOP 'may' grant a reduction in

sentence to a prisoner 'convicted of a nonviolent offense.'  18 U.S.C. § 3621(e)(2)(B).

Because the § 3621(e)(2)(B) sentence reduction is left to the unfettered discretion of the

BOP, the statute does not create a constitutionally protected liberty interest."), *citing*

<u>Olim</u>, 461 U.S. at 249.

 The BOP has the authority to determine when a petitioner is entitled to up to

twelve months of early release.  18 U.S.C. § 3621; 28 C.F.R. § 550.55.  "Even if a

prisoner is deemed statutorily eligible for the sentence reduction, the decision about

whether to reduce his sentence remains solely within the discretion of the BOP [. . .]

And that decision is not subject to judicial review." <u>Cook</u>, 208 F.3d at 1319.  BOP, in its

discretion, determined that Petitioner was not entitled to early release because she had

a prior offense that was sufficiently similar to BOP's adopted definition of an aggravated

assault.  A review of the language of the UCR definition and charging statute of

Petitioner's prior offense reveals that the definition of aggravated assault in the UCR

appears to be substantially similar to Petitioner's prior offense because her offense

involved a weapon and caused severe bodily injury.  *See* Doc. 5 at 6 and 8.

 The District of Minnesota was presented with a similar case and determined that

"the BOP has an interest in applying its categorical exclusions uniformly across the

board [citation omitted]. This interest is served by using a nation-wide definition of aggravated assault that compares state law provisions in order to determine eligibility, so that differences among state codes do not undermine uniform application of eligibility criteria." <u>Fisher v. English</u>, No. 10-4390, 2011 WL 3206966 (D. Minn. June 14, 2011) (report and recommendation to deny § 2241 petition, finding Missouri's statutory definition of second degree assault was "sufficiently similar" to UCR definition of aggravated assault, and DSCC determination that prisoner was not entitled to early release was not arbitrary, capricious, or an abuse of discretion).

Petitioner also argues in her § 2241 petition that BOP improperly considered her prior conviction for second degree battery in determining that she was not eligible for early release because the offense was pardoned by the State of Louisiana in 2001. Doc. 1 at 3; *see* Doc. 1 at 11. Respondent asserts that BOP aligns itself with the United States Sentencing Guidelines (U.S.S.G.), which take into account a defendant's prior offenses, whether or not the offenses have been pardoned. Doc. 5 at 3 and 6. In determining a defendant's criminal history under the U.S.S.G., "pardoned convictions should be counted in the same way as they would be counted absent the pardon." <u>United States v. Shazier</u>, 179 F.3d 1317, 1319 (11th Cir. 1999); <u>United States v. Hall</u>, 473 F.3d 1295, 1313 (10th Cir. 2007) (holding prior conviction was properly counted in assessing defendant's criminal history: "There is nothing to suggest that Mr. Hall's pardon, which is granted as a matter of course to first time offenders, was in any way related to innocence or an error of law. Indeed, the letter he submits as evidence of the pardon indicates that his right 'to receive, possess or transport firearms' was unaffected

by the pardon.").  In this case, Petitioner was also pardoned as a matter of course as a first time offender and was restricted from possessing a firearm.  Doc. 1 at 11. Respondent argues that BOP, in its discretion, considered Petitioner's prior offense in her eligibility determination because the pardon was granted as a matter of course and not because of innocence or error of law.  Doc. 5 at 6.

The language of § 3621(e) does not prescribe how pardoned offenses should be dealt with in determining a prisoner's eligibility for early release.  *See* 18 U.S.C. § 3621(e).  "In this familiar situation, where Congress has enacted a law that does not answer 'the precise question at issue,' all we must decide is whether the Bureau, the agency empowered to administer the early release program, has filled the statutory gap 'in a way that is reasonable in light of the legislature's revealed design'."  Lopez v. Davis, 531 U.S. 230, 242 (2001).  BOP's practice of aligning itself with the U.S.S.G. in determining a prisoner's eligibility for early release appears to be reasonable, based on BOP's broad discretion to administer the early release program.  *See* Cook, 208 F.3d at 1319.

Therefore, BOP's denial of early release is entitled to deference.  Petitioner is not entitled to relief under § 2241.

## Conclusion

Based on the foregoing, Petitioner is not entitled to federal habeas relief. Accordingly, the § 2241 petition (Doc. 1) should be denied.  Given this recommendation, Petitioner's pending motion to expedite (Doc. 10) should be denied as moot.

## Recommendation

It is therefore respectfully **RECOMMENDED** that the 28 U.S.C. § 2241 petition for writ of habeas corpus (Doc. 1), seeking early release pursuant to 18 U.S.C. § 3621(e), be **DENIED** as it plainly appears that Petitioner is not entitled to relief.

Petitioner's pending motion to expedite (Doc. 10) should be **DENIED** as moot.

**IN CHAMBERS** at Tallahassee, Florida, on November 25, 2013.


S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**